## CARL MOLLER *v.* JOHN GAUCHE.

16    43
49  1586

*Where the charge of the District Judge to the jury is such as to mislead the jury upon the facts, the verdict will be set aside, and such judgment rendered on the appeal as the evidence justifies.*

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J., presiding. *Waples & Eustis*, for plaintiff.    *G. Schmidt*, for defendant and appellant.

BUCHANAN, J.   In the year 1856, plaintiff entered into a written contract with defendant to paint and glaze defendant's house for a certain sum.   After the work was partly completed, plaintiff refused to continue, and abandoned the work, on the ground that the price stipulated was too small; whereupon it was agreed between the parties, that defendant should pay plaintiff by the day, as well as the other workmen employed upon the work by plaintiff.   This was done.   Plaintiff and the other workmen were paid two dollars and a half a day each.   The payments were made every Saturday night.   Plaintiff also paid for all the materials used in the work.

Plaintiff now sues for compensation, as upon a *quantum meruit.*

Defendant pleads the two contracts above mentioned, and that he has fulfilled the same on his part.   He denies indebtedness to plaintiff, and alleges that plaintiff has caused him damage by his delays in performing the work.

The first contract alleged by defendant is proved by written and parol evidence.

Its abandonment by plaintiff, and the substitution therefor of a contract for daily wages, are facts proved by three witnesses introduced by defendant, Jung, Chauce and Conner.   Their testimony is corroborated by the production in evidence of many receipts for day's wages, signed by plaintiff.   From these receipts, it appears that plaintiff and the other painters employed on this work were paid by defendant weekly, at the rate of two dollars and a half per day each.

In opposition to this evidence, plaintiff relies upon the testimony of Adolphe Conrad, one of the painters employed in the work, to let in proof of a *quantum meruit.*

Conrad testifies, in substance, that when plaintiff had abandoned the work, defendant offered him two dollars and a half a day wages, to continue; but that plaintiff refused this offer.   "*Gauche then told him to go on, and finish the work, and he would pay what was right.*"

The Judge charged the jury (thirdly) "that notwithstanding either contract, if the jury believe that Gauche promised to pay the value of the work, and that that promise was designed to make plaintiff improve the work, that defendant is bound for the value of the same."

Defendant excepted to this charge on the grounds: 1st, that it was not law applicable to the case; and 2d, because it encroached on the province of the jury, and instructed them in relation to facts which it was their duty to determine.

We think these objections were well taken.   The second point of the Judge's charge to the jury had assumed (what is indeed proved) that the original contract between these parties for a fixed price to be paid for the work, had been replaced by another contract for day's wages.   That sec-

Moller
v.
Gauche.

ond contract, by which Möller, the plaintiff, was reduced to the position of a day laborer, working upon this job with other day laborers, and for the same wages as them, in the service of Gauche, the defendant, is inconsistent with a right on the part of Möller to a *quantum meruit* compensation for the work thus executed by himself and his fellow workmen.

Again, the charge excepted to, misled the jury upon the facts. The witness Conrad does not swear that Möller was to receive day's wages, in common with the other workmen, and, *in addition thereto*, the value of the work when done, according to the estimation of experts, by way of stimulus to extra exertion, and reward for superior execution of the work. On the contrary, plaintiff's witness disproves the second contract *in toto*. He says that Möller *rejected* Gauche's proposition to pay him by day's wages. If this witness's testimony prevails, there was no such second contract between the parties, as the Judge's second and third charges assume.

We are of opinion that the defendant has substantiated by proof his defence to this action.

It is, therefore, adjudged and decreed, that the judgment of the District Court upon the verdict of the jury be reversed, and that the plaintiff's demand be rejected at his costs in both courts.